Benjamin Zipper, J.
Plaintiff moves for leave to renewal and reconsideration of a motion for summary judgment which had previously been denied upon the papers before the court at that time. There is no opposition to this motion.
This is an action by a union to recover the sum of $3,184.99, plus interest, from a stockholder of a corporation that did not pay a judgment for moneys due under a union contract requiring welfare, pension and sick leave funds. The notice to the stockholder was served under the provisions of section 71 of the Stock Corporation Law on May 16, 1963.
The affidavit on the motion for renewal supplies the missing factual information as to the status of the defendant as a stockholder and that he is one of the 10 largest stockholders.
*28 Thereafter the remedies of the plaintiff were preserved by the effect of subdivision (d) of section 103 of the Business Corporation Law which became effective September 1, 1963, which reads as follows: “ (d) This chapter shall not affect any cause of action, liability, penalty or action or special proceeding, which on the effective date of this chapter, is accrued, existing, incurred or pending but the same may be asserted, enforced, prosecuted or defended as if this chapter had not been enacted.”
Section 71 of the Stock Corporation Law provides that an action had to be commenced within 30 days from date of return of an unsatisfied execution against the corporation. Section 630 of the Business Corporation Law gives a 90-day period for same. It appears that the execution was returned unsatisfied against the corporation on October 10, 1963.
An action under ¡the former section 71 of the Stock Corporation Law must be ¡brought under section 630 of the Business Corporation Law. ;
Subdivision (a) of section 103 of the Business Corporation Law begins as follows: “ (a) This chapter applies to every domestic corporation and to every foreign corporation which is authorized or does business in this state. This chapter also applies to any other corporation of any type or kind to the extent, if any, specified in this chapter or in any law governing such corporation and to the extent, if any, that the stock corporation law applies to such corporation immediately prior to the effective date of this chapter ”.
This action was] commenced on November 11, 1963, within the 90-day period jas set forth in section 630 of the Business Corporation Law.
Since after September 1,1963 the plaintiff could not sue under section 71 of the Stock 'Corporation Law, it brought its action under section 630 of the Business Corporation Law. This was not only proper; it was the only way to proceed at that time.
Accordingly, the motion for renewal is granted and the motion for summary judgment is granted in the sum of $3,184.99, together with interest, costs and disbursements.